(No. 86-CC-3566—

EARL E. McMILLAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 4, 1987.*

MARCH & McMILLAN, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

BURKE, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner, and this Court being fully advised in the premises,

Finds that the Claimant, Earl E. McMillan, owned a grain auger which was parked on Ray Haney's farm near Industry, Illinois. Claimant parked the auger in a mowed area which was placed in the government set-aside program in late summer 1985.

Thereafter, in the late summer or early fall of 1985, Respondent's employees, in the course of performing highway maintenance work on U.S. Route 67 south of Industry, Illinois, parked and operated trucks and heavy equipment on Haney's farm near Claimant's grain auger.

On or about October 1985, Claimant discovered that the lower end of his grain auger was damaged. Upon discovery of the damage, Mr. Haney notified the foreman of the Department of Transportation crew that performed the highway work on or near the Haney farm. The foreman went to the Haney farm and inspected the auger, noting that the bottom of the auger was "smashed over."

Respondent's maintenance field technician inspected the auger and told Claimant that the auger "looked like it had been backed over." The maintenance field technician directed the foreman to get an estimate of the damage and send it to him for submission to Respondent's claims representative.

Claimant purchased the parts necessary to repair the auger, performed all labor necessary to complete the repair and submitted a statement to Respondent for the actual cost of the parts which amounts to nine hundred forty-five dollars and 78/100 ($945.78). Respondent refused to pay Claimant.

In order to prevail, Claimant must prove by a preponderance of the evidence that his auger was damaged by Respondent, acting through its agents or employees. Claimant must prove that it is more probably true than not true that the damage to his auger was caused by employees of Respondent.

Evidence presented at the hearing established the following facts:

1. The auger was last used in July or August, was in good condition when last used, and was in good condition when parked by the Claimant on the mowed and untilled set-aside acreage on the Haney farm;

2. The location of the auger in the field on the farm was a considerable distance from any roadway or driveway and normal vehicular traffic would come nowhere near the auger;

3. No farming operation of any type was conducted during the period of time the auger was parked in the location in which it was damaged and neither the farm landlord nor farm tenant (Claimant) operated or knew of the operation of any vehicles or equipment anywhere in the vicinity of the parked auger, with the exception of the Department of Transportation heavy-duty trucks and highway equipment;

4. The Department of Transportation employees were the only persons given permission by the landowner to operate any trucks or heavy equipment in

the vicinity of the parked auger and the Department of Transportation employees were the only persons known to have operated any trucks or heavy equipment anywhere near the location of the parked auger;

5. The nature of the damage to the auger indicated the damage was caused by a large piece of equipment, most probably a large wheel or tire.

Claimant has met his burden of proof. The direct and circumstantial evidence shows it is more probably true than not true that Claimant's auger was damaged by the negligence of the employees of Respondent.

It is hereby ordered that an award of nine hundred forty-five dollars and 78/100 ($945.78) is hereby entered in favor of the Claimant, said award being in full and complete satisfaction of Claimant's complaint.